UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JACLYN HOUSTON AKA JACKIE LYNN REYES,                                          PLAINTIFF
AND RIVER HOUSTON, A MINOR CHILD, BY AND
THROUGH HIS MOTHER AND NATURAL GUARDIN

VS.                                                              CIVIL ACTION NO. 4:04CV229-TSL-JCS

BANKPLUS, ET AL.                                                                DEFENDANTS

ORDER

This cause is before the court on various motions of the parties and pursuant to its inherent power "to protect its jurisdiction and judgments and to control its docket," Farguson v. Mbank Houston, 808 F.2d 358, 360 (5th Cir. 1986); and see Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1499 (5th Cir. 1993).[1]

On November 20, 2005, plaintiff filed a document entitled "affidavit of criminal conduct," which from the court's review thereof, serves to rehash the allegations of her complaint. Such a filing is not provided for under the Federal Civil Procedure, thus, the motion to strike (docket entry number 85) filed by BankPlus of Mississippi is granted. On December 12, 2005, plaintiff filed a second "affidavit of criminal conduct," which accused BankPlus of misconduct relating to the filing of its corporate disclosure statement. BankPlus filed a motion to strike (docket entry number 95) and this motion is likewise granted. In recent days, plaintiff has filed additional "affidavits" which will be stricken, sua sponte, pursuant to the court's inherent power to control its docket. Accordingly, it is ordered that docket entry numbered 110 and 116 are stricken from the record.

Plaintiff has filed a "motion to amend 12 amended complaint," (docket entry number 106) by this motion, she persists in her quest that the pleadings in this case reflect BankPlus's legal name. As

---

[1] The pending motions not addressed by this order are for the district judge's resolution.

such an amendment is not necessary and would be a waste of resources, this motion is denied. There is also pending plaintiff's motion for an essentially indefinite extension of time to file a response to the court's December 30, 2005 order (docket entry number 105)[2]. The court assumes that plaintiff is asking for additional time in which to appeal this order. Plaintiff is granted until Wednesday, January 25, 2006 in which to pursue her appeal of the December 30, 2005 order. Further on January 18, 2006, plaintiff filed a "motion and affidavit for citation, motion for contempt, motion for sanctions" (docket entry number 119). By this motion, plaintiff again seeks redress for BankPlus's and its attorneys' alleged misconduct related to the corporate disclosure statement, as this issue is patently frivolous, the motion is denied.

Because the court is not persuaded that a Houston has the financial means to satisfy any monetary sanction that might be imposed, BankPlus's motion for sanctions (docket entry number 96) is denied. However, in light of the fact that plaintiff has inundated the court with meritless filings, and thereby wasted this court's resources, until such time as the court may order otherwise, effective immediately, the clerk of the court shall forward all of plaintiff's putative "filings" in this case to the magistrate judge for review. Those "filings" which comply with the federal rules of civil procedure shall be made part of the docket in this action and a response will be required, where appropriate.

Houston's failure to comply with this order or the continuous filing of any vexatious and/or frivolous motions, "affidavits," or other documents raising similar issues addressed in the above referenced case may result in the imposition of further sanctions.

SO ORDERED this the 19th day of January, 2006.

---

[2] While the docket entry reflects that plaintiff is seeking additional time to appeal the court's December 19, 2005 order, the text of the document appears to refer to the court's latter order.

        _s/ James C. Sumner_____
         UNITED STATES MAGISTRATE JUDGE